UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:18-CR-063-2-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| TEDDY S. HAWKINS, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*

Defendant Teddy Hawkins, through counsel, filed two motions in limine on January 18, 2019. [DE 125; DE 126]. The first motion seeks to exclude evidence of text messages between Hawkins and the cooperating information, Robert McGowan. [DE 125]. The second motion seeks to exclude evidence of Hawkins's prior felony conviction.

The Court ordered an expedited briefing schedule pertaining to these motions, giving the United States fourteen days to respond and Hawkins seven days after the filing of the responses to reply. [DE 127]. On February 1, 2019, the United States responded in opposition to the motion to exclude evidence of the text messages [DE 137] and responded that the motion to exclude evidence of the prior conviction was moot [DE 126]. Hawkins has not replied to the government's responses and the time to reply has passed. As a result, the motions in limine are ripe for review.

1

Ultimately, Hawkins has failed to demonstrate that evidence of text messages between his cell phone and the cooperating informant's cell phone are unfairly prejudicial and his motion to exclude evidence of the text messages [DE 125] is **DENIED**. Furthermore, it appears that the parties agree to stipulate to Hawkins's prior felony conviction and, as such, Hawkins's motion to exclude evidence of a prior felony conviction [DE 126] is **DENIED AS MOOT**.

## I. Analysis

**A.   Motion to Exclude Evidence of Text Messages**

First, Hawkins seeks to exclude evidence of text messages between himself and McGowan, the cooperating informant, pursuant to Federal Rule of Evidence 403. [DE 125]. Hawkins argues that the evidence of the text messages is unreliable because there are discrepancies in the Cellbrite report that reflect that no text messages were sent between McGowan and Hawkins during the relevant time period. [*Id.* at 1, Pg ID 659]. As a result, Hawkins argues that the probative value of the text messages as evidence is substantially outweighed by the danger of unfair prejudice. [*Id.* at 1-2, Pg ID 659-60].

In response, the United States claims that the Cellbrite report inconsistencies do not conclusively demonstrate that the text messages between Hawkins and McGowan did not occur. [DE 137]. Additionally, the government notes that police officers observed

McGowan send text messages to Hawkins using his cell phone on May 10, 2018. [Id.]. Thus, the United States argues that Hawkins has failed to demonstrate that the evidence of the text messages is unfairly prejudicial.

Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Still, "[u]nfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (internal citations and quotations omitted).

Here, the fact that the Cellbrite report contradicts the information reflected on the text messages introduced by the government is relevant, but it does not conclusively demonstrate that the text messages are unreliable or that introduction of the text messages is unfairly prejudicial to Hawkins. The government can attempt to establish the accuracy and reliability of the text messages in at least two ways. First, the United States had the phones that the text messages were allegedly sent from and can attempt to establish reliability by offering the phones and the

recovered text messages as evidence.  Second, the United States asserts that officers conducting the investigation on May 10, 2018, observed McGowan send text messages to a contact listed as "Unc2," who was later identified as Teddy Hawkins.  In fact, the Court has already seen evidence of body camera footage during the suppression hearing demonstrating that McGowan communicated through multiple voice calls with a contact listed as "Unc2" in his cell phone. [*See* DE 134].

Of course, Hawkins may use the information contained in the Cellbrite report to question the existence and accuracy of the proffered text messages.  Still, Hawkins has failed to demonstrate that the evidence of text messages sent between his phone and McGowan's is more prejudicial than probative in nature.  The text messages may be damaging to Hawkins's criminal defense but that fact and the Cellbrite report inconsistencies alone do not establish that the text messages are unreliable or unfairly prejudicial.  As a result, Hawkins's motion to exclude evidence of text messages allegedly sent between his cell phone and McGowan's cell phone is **DENIED.**

**B. Motion to Exclude Evidence of Hawkins's Prior Felony Conviction**

Second, Hawkins seeks to exclude evidence of his prior felony conviction.  Of course, introducing evidence of prior convictions may lead the jury to conclude that the Defendant is of bad

4

character, leading to unfair prejudice. As such, courts must carefully weigh the probative value of introducing a prior conviction against the danger of unfair prejudice to the Defendant.

But here, the evidence of Hawkins prior felony conviction constitutes an element of one of the charged offenses. Hawkins is charged, among other counts, with being a felon in possession of a firearm. As a result, in order to prove the charged offense, the government must offer evidence that McGowan was convicted of a felony offense.

Still, it appears that the government has offered Hawkins an *Old Chief* stipulation where the parties would agree and stipulate to the fact that Hawkins has been convicted of a felony offense, without providing additional details of the previous offense. [DE 136]. In his motion in limine, it does not appear that Hawkins is asking for exclusion of evidence of the prior felony conviction per se, but that Hawkins actually requests an *Old Chief* stipulation on the prior felony conviction. Thus, to the extent that the parties have agreed to stipulate to Hawkins's prior felony conviction, this motion in limine is rendered moot. If the parties have not so stipulated, Hawkins may renew his motion or move for other appropriate relief. In sum, Hawkins's motion to exclude evidence of his prior felony conviction is **DENIED AS MOOT**.

## II. Conclusion

Accordingly, **IT IS ORDERED** as follows:

(1) Hawkins's motion in limine to exclude evidence of text messages [DE 125] is **DENIED**; and

(2) Hawkins's motion in limine to exclude evidence of a prior felony conviction [DE 126] is **DENIED AS MOOT**.

This the 11th day of February, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge