```
UNITED STATES DISTRICT COURT
  EASTERN DISTRICT OF KENTUCKY
   CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 18-cr-63-JMH-S |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| TEDDY S. HAWKINS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*

This matter is before the Court on the motion of a Defendant, Teddy S. Hawkins, to compel his former Counsel, Thomas C. Lyons, to "surrender" the case file he created while representing Hawkins. [DE 187]. After reviewing the motion, and being otherwise sufficiently advised, **IT IS ORDERED** that Hawkins's motion to compel Mr. Lyons to "surrender" Hawkins's case file is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2018, the United States brought a Criminal Complaint against Hawkins on May 10, 2018. [DE 1]. The Court thereafter appointed CJA counsel, Andrew Stephens to represent Hawkins. On December 12, 2018, the Court granted Stephens's motion to withdraw as counsel, [DE 109], and appointed Thomas C. Lyons as CJA counsel in this matter. [DE 110].

On February 21, 2019, Hawkins pleaded guilty to Counts 2 and 3 of the Superseding Indictment. [DE 148]. As a result, on May 30, 2019, Hawkins was sentenced to forty-six (46) months imprisonment on Count 3 to run consecutive to sixty (60) months imprisonment on Count 5 for a total of 106 months. [DE 177 at 2, PageID #887]. Hawkins was also sentenced to a term of six (6) years supervised release. [*Id*. at 3, PageID #888].

Hawkins case is currently on direct appeal. [DE 178]. On June 7, 2019, the United States Court of Appeals for the Sixth Circuit granted Mr. Lyons's motion to withdraw as counsel for Hawkins. [DE 182]. On June 17, 2019, attorney Michael K. Davis was appointed, pursuant to the Criminal Justice Act, 18 U.S.C. 3006A to represent Hawkins in his direct appeal. [DE 183]. The appeal is on-going.

## II. ANALYSIS

Hawkins's instant motion requests the Court to compel Mr. Lyons to "surrender" his case file. He argues that he needs this documentation "so that he could determine the best approach [] for post-conviction relief." [*Id*.]. In particular, he cites his on-going direct appeal, and his intention to file a motion under 28 U.S.C. § 2255. [DE 187 at 2, PageID #981]. Despite allegedly making several requests to Mr. Lyons for his case file, Hawkins claims that Lyons has not surrendered Hawkins' case file to Hawkins. [*Id*.]. We decline to do so.

The Court's lack of jurisdiction over Mr. Lyons compels denial. In sum, Mr. Lyons is not a party to this proceeding. He no longer represents Hawkins and Hawkins is represented by new counsel on appeal. Thus, Hawkins must pursue his request directly from Mr. Lyons.

The Court notes Mr. Lyons's obligation to comply with Kentucky Supreme Court Rule 3.130(1.6)(d):

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... surrendering papers and property to which the client is entitled.... The lawyer may retain papers relating to the client to the extent permitted by other law.

The Commentary to the Rule explains further:

> A lawyer must return the client's file, papers, and property after termination if the client requests the file. The lawyer may retain a copy of the file. A lawyer may charge a reasonable copying charge, but may not condition return of a client's files, papers, and property upon payment of the copying charge, unless the lawyer has previously provided a copy, either during the representation or after cessation of the representation. A lawyer must make one copy of the file and materials available to the client even without payment if the client's interests will be substantially prejudiced without the documents.

*Id.* at Cmt. 9. Mr. Lyons is an officer of the Court and undoubtedly will continue to be responsive to and compliant with these principles.

Although Mr. Lyons may still have ethical obligations regarding Hawkins's file arising under Kentucky's legal ethics rules, this Court is without jurisdiction to compel Mr. Lyons to produce Hawkins's case file to Hawkins and to otherwise comply with any outstanding ethical obligations he may have with respect to Hawkins. As a result, and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1) That Defendant Hawkins motion to compel, [DE 187], is, and hereby shall be, **DENIED**; and

2) That the Clerk **IS DIRECTED** to send copies of this Order via-mail to Mr. Lyons and Defendant Hawkins.

This, the 14th day of August, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4