```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>TEDDY S. HAWKINS, )<br>)<br>    Defendant/Petitioner. ) | Criminal Case No.<br>5:18-cr-063-JMH-MAS-2<br><br>Civil Case No.<br>5:20-cv-481-JMH-MAS<br><br>**MEMORANDUM OPINION<br>and ORDER** |

\*\*\*  \*\*\*  \*\*\*

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Matthew A. Stinnett (DE 232), wherein he recommends that Defendant-Petitioner Teddy S. Hawkins's Motion to Vacate under 28 U.S.C. § 2255 (DE 230) be denied. In this case, Magistrate Judge Stinnett thoroughly examined the record and found that Hawkins's grounds for claiming ineffective assistance of counsel were without merit. Magistrate Judge Stinnett also declined to entertain Hawkins's arguments that the United States engaged in prosecutorial misconduct, that the Court committed Rule 11 violations during the pendency of this action, that the sentence imposed was procedurally improper, and that law enforcement misconduct occurred during the criminal investigation and his arrest, including violations of his Fourth Amendment right.

Page **1** of **4**

Generally, a judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by a magistrate judge. 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the report and recommendation, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Consequently, in review of the record before the Court, and in the absence of any objections, this Court adopts the well-articulated and detailed reasoning set forth in the Report and Recommendation as its own.

Finally, Magistrate Judge Stinnett recommends that no certificate of appealability should issue in this matter with respect to those claims raised under 28 U.S.C. § 2255. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Hawkins must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). Here, Hawkins has formally requested a certificate of

appealability.[1] However, the Court, in the absence of objections, adopts the Report and Recommendation on this issue. The Court concludes that no certificate should issue as Hawkins cannot make a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) United States Magistrate Judge Matthew A. Stinnett's Report and Recommendation (DE 232) is **ADOPTED IN FULL** as the findings of fact and conclusions of law of the Court.

(2) Defendant-Petitioner Teddy S. Hawkins's request for appointment of counsel is **DENIED**;

(3) Hawkins's request for an evidentiary hearing is **DENIED**;

(4) Hawkins's first Motion to Vacate filed under 28 U.S.C. § 2255 (DE 217) is **DENIED as moot**; and

(5) Hawkins's Motion to Add Ground #7 to his § 2255 Motion (DE 227) is **GRANTED**;

(6) A Certificate of Appealability on all issues is **DENIED**; and

(7) To the extent that Hawkins's seeks relief in amending his Motion to Vacate (DE 230), the Court (procedurally) **GRANTS** this request; however, on the merits, the Court

---

[1] On February 23, 2022, the Court received a handwritten letter from Hawkins (postmarked February 18, 2022), wherein Hawkins formally requests a "C.O.A.", and does so in an effort to "exhaust his remedy to the Court." (DE 233). The Court construes Hawkins' letter as a request to this Court for the issuance of a Certificate of Appealability.

**DENIES** (**with prejudice**) Hawkins's Motion to Vacate under 28 U.S.C. § 2255 (DE 230).

This the 1st day of March, 2022.



Signed By:
Joseph M. Hood
Senior U.S. District Judge